**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5207**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK BYRD,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-03-1092)

---

Submitted:  May 22, 2006                     Decided:  June 7, 2006

---

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Robert N. Boorda, Columbia, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Derrick Byrd pled guilty to one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000). Byrd was classified as a career offender under the Sentencing Guidelines.[1] The district court sentenced Byrd to 180 months of imprisonment, below the applicable advisory Guideline range of 262-327 months, based on the short period of time Byrd was involved in the conspiracy. On appeal, counsel filed an Anders[2] brief, in which he states there are no meritorious issues for appeal, but suggests that the district court failed to comply with the requirements of Fed. R. Crim. P. 11 in the guilty plea hearing. Byrd filed a pro se supplemental brief in which he asserts that the district court erred in not granting an offense level reduction for his minor role in the offense, and that the district court erred in not applying the holding of United States v. Booker, 543 U.S. 220 (2005), at sentencing. We affirm.

Because Byrd did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the

------

[1]U.S. Sentencing Guidelines Manual (2004).

[2]Anders v. California, 386 U.S. 738 (1967).

plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured Byrd's plea was made both knowingly and voluntarily. See United States v. DeFusco, 949 F.2d 114, 117, 120 (4th Cir. 1991). Accordingly, we find Byrd's guilty plea was knowing and voluntary and properly accepted by the district court.

We have also considered the assertions of error in Byrd's supplemental brief and find them to be without merit. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Byrd's conviction and sentence. This court requires that counsel inform Byrd, in writing, of the right to petition the Supreme Court of the United States for further review. If Byrd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Byrd.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED